UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BALUMA, S.A., | Case No. 2:20-cv-01568-KJD-VCF |
| Plaintiff, | **ORDER – Motion to Correct Judgment** |
| v. | |
| BRIAN MENGLE, | |
| Defendant. | |

    Presently before the Court is Plaintiff's Motion to Correct Judgment Pursuant to FRCP 60(a), or in the alternative, Motion to Alter or Amend Judgment Pursuant to FRCP 59(e). (#49/50). Defendant did not file a response in opposition, and the time to do so has passed. For the reasons stated below, Plaintiff's motion is granted in part and denied in part.

I.    <u>Factual and Procedural Background</u>

    Since a comprehensive rendition of the controlling facts in this matter has been detailed in a prior Order, the Court will only list the facts necessary to address Plaintiff's motion. (<u>See generally</u> #26, at 1-2). On or about June 19, 2019, Defendant Brian Mengle was extended a $100,000 line of credit at Plaintiff Baluma's casino. (#1, at 8-9). Mengle was required to repay the full amount, plus interest, by September 17, 2019. <u>Id.</u> at 9. However, Mengle failed to repay the casino. <u>Id.</u> Subsequently, Baluma filed a complaint against Mengle, asserting claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. <u>Id.</u> at 10-11.

    On May 4, 2023, a settlement conference was held before Magistrate Judge Ferenbach, but Mengle failed to appear. (#43, at 1). As a result, Magistrate Judge Ferenbach recommended that default be entered against Mengle and his counterclaim dismissed. <u>Id.</u> Subsequently, the Court entered an Order adopting and affirming Magistrate Judge Ferenbach's report and recommendation. (#44). Thereafter, the Court ordered default be entered against Mengle, his counterclaim be dismissed, and kindly directed the Clerk of the Court to close the case. (#46). However, the judgment did not mention the monetary relief owed to Baluma. (#48). Plaintiff

1  now moves under Federal Rule of Civil Procedure 60(a) for the Court to amend the judgment to
2  reflect the monetary relief owed by Defendant. (#49).

3  II.     Legal Standard

4      Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from
5  oversight or omission whenever one is found in a judgment, order, or other part of the record."
6  Fed. R. Civ. P. 60(a). "A district court has very wide latitude in correcting clerical mistakes in a
7  judgment." Blanton v. Anzalone, 813 F.2d 1574, 1577 (9th Cir. 1987). "Errors correctable under
8  Rule 60(a) include those where what is written or recorded is not what the court intended to write
9  or record. The error can be corrected whether it is made by a clerk or by the judge." Id. (citation
10 omitted). Whereas uncorrectable errors under Rule 60(a) include "instances where the court
11 changes its mind." Tattersalls, Ltd. v. DeHaven, 745 F.3d 1294, 1297 (9th Cir. 2014). In sum,
12 Rule 60(a) allows a court to clarify a judgment in order to correct a failure to memorialize part of
13 its decision, to reflect the necessary implications of the original order, to ensure that the court's
14 purpose is fully implemented, or to permit enforcement. Id. at 1298.

15 III.    Analysis

16     Plaintiff argues that the judgment should be corrected to include an award of damages and
17 interest in the amount of $134,035.62. (#49, at 10). The Court agrees. In ordering default
18 judgment against Mengle, it was the Court's intention to include an award of damages. However,
19 the entered judgment failed to reflect this intention. (See #48). The Court finds that this omission
20 is amenable under Rule 60(a). See Blanton, 813 F.2d at 1577. As such, the Court will amend the
21 judgment to include a damages award of $100,000 (Mengle's debt) and $34,035.62 (accrued
22 interest).

23     Furthermore, Plaintiff requests that the Court also include an award of attorney's fees and
24 costs to be established thereafter by a separate application. (#49, at 11). "A prevailing party who
25 claims costs must file and serve a bill of costs and disbursements on the form provided by the
26 clerk no later than 14 days after the date of entry of the judgment or decree." L.R. 54-1(a). Here,
27 judgment was entered on October 24, 2023, but no bill of costs has been served to date. In fact,
28 the first mention of costs came 28 days after Judgment was entered, and Plaintiff's motion makes

no argument as to why this procedural error should be excused. (See #49/50). As Plaintiff's request for costs does not comply with the local rules, the request is denied with prejudice. See L.R. 54-1(a). However, the Court will permit Plaintiff to file a motion for attorney's fees as outlined in Local Rule 54-14.

IV.   Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Correct Judgment Pursuant to FRCP 60(a) (#49) is **GRANTED** in part and **DENIED** in part.

The Clerk of the Court will enter an **AMENDED JUDGMENT** with the following language: **IT IS ORDERED AND ADJUDGED** that judgment is entered in favor of Plaintiff and against Defendant for a total judgment amount of $134,035.62 and all claims between the parties are dismissed with prejudice.

**IT IS FURTHER ORDERED** that once the judgment is satisfied, the parties have thirty (30) days to file a stipulation stating as such.

**IT IS FURTHER ORDRED** that Plaintiff has thirty (30) days from the date of this Order to file a motion for attorney's fees in accordance with Local Rule 54-14. After filing, Defendant shall have fourteen (14) days to file a response.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Alter or Amend Judgment Pursuant to FRCP 59(e) is **DISMISSED** as **MOOT**.

Dated this 28th day of June 2024.

_____
Kent J. Dawson
United States District Judge