UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BALUMA SA. d/b/a ENJOY PUNTA DEL ESTE & CASINO,<br><br>  Plaintiff/Counterdefendant,<br><br>  v.<br><br>BRIAN MENGLE,<br><br>  Defendant/Counterclaimant. | Case No. 2:20-cv-1568-KJD-VCF<br><br>ORDER |

Presently before the Court is Plaintiff's Motion for Attorneys' Fees (ECF No. 53). Though the time for doing so has passed, Defendant has failed to file a response in opposition.

## I.  Background

The Court previously granted Plaintiff's motion for summary judgment on Counterclaimants's claims for recoupment, set off, and breach of contract and denied Plaintiff's motion for summary judgment. (ECF No. 26 at 7-9). This left Plaintiff's claim for breach of contract and Counterclaimant's claim for fraudulent inducement for trial, and a settlement conference was set. (ECF Nos. 37, 39). However, Defendant/Counterclaimant Brian Mengle ("Mengle") stopped participating in the litigation, failing to appear for either the original settlement conference or the re-scheduled settlement conference. (ECF Nos. 40, 41, and 42). After Mengle failed to appear and show cause why he should not be sanctioned, Judge Ferenbach recommended that default be entered against Mengle and his counterclaim be dismissed. (ECF No. 43). The Court adopted the findings and recommendations which were not objected to by Mengle. (ECF No. 44). Default judgment was entered against Mengle on June 28, 2024. (ECF No. 52).  Plaintiff then filed the present motion for attorneys' fees under Local Rule 54-14. (ECF No. 53).

## II. Standard for Awarding Attorneys' Fees

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party…" Fed. R. Civ. P. 54(d)(1). Rule 54(d) further provides "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2).

Federal courts sitting in diversity determine the reasonableness of an attorneys' fees award under state law. *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). In Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the court, which is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548–49 (Nev. 2005) (en banc) (internal quotation marks omitted). One permissible method is the lodestar approach, which involves "multiplying the number of hours reasonably spent on the case by a reasonable hourly rate." *Id.* at 549, n.98 (internal quotation marks omitted). Nevada courts must also review the requested amount "in light of the factors set forth in" the Supreme Court of Nevada's decision in *Brunzell*. *Haley v. Dist. Ct.*, 273 P.3d 855, 860 (Nev. 2012) (citing *Brunzell v. Golden Gate Nat'l Bank*, 455 P.2d 31, 33 (Nev. 1969)). The factors include:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing, and skill;
>
> (2) the character of the work to be done: its difficulty, its intricacy, its importance, time, and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation;
>
> (3) the work actually performed by the lawyer: the skill, time and attention given to the work;
>
> (4) the result: whether the attorney was successful and what benefits were derived.

*Brunzell*, 455 P.2d at 34.

Finally, Local Rule 54-14 requires any application for attorneys' fees to include, an attorney affidavit, "[a] reasonable itemization and description of the work performed[,]" and "[a]

brief summary" of thirteen categories of information designed to elicit more information about the case and the work that the attorneys performed. L.R. 54-14 (a)–(b).

### III.  Analysis

Baluma seeks $45,136.13 in attorneys' fees that it incurred in enforcing Mengle's gambling debts and litigating this action based on a provision in the draw request signed by Mengle. (ECF No. 53 at 9). Under both federal and Nevada law, valid contractual provisions for the payment of attorneys' fees constitute a sufficient source of authority supporting a fee award. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975) ("[A]bsent statute or enforceable contract, litigants pay their own attorneys' fees"); *MRO Commc'ns, Inc. v. AT&T*, 197 F.3d 1276, 1281 (9th Cir. 1999) ("[E]ach party must bear its own attorneys' fees in the absence of a rule, statute[,] or contract authorizing such an award."); *Schouweiler v. Yancey Co.*, 712 P.2d 786, 788 (Nev. 1985) ("It is well established in Nevada that attorney's fees are not recoverable unless allowed by express or implied agreement or when authorized by statute or rule.") (citing *Sun Realty v. District Court*, 542 P.2d 1072 (Nev. 1975)). The draw request states that Mengle must "pay all costs of collection, including the payee's attorneys' fees and court costs."  (ECF No. 53 at 14). Pursuant to the default judgment, the Court finds the draw request is a valid contract and finds that it supports Baluma's fee request.  (ECF Nos. 48, 51, 52).

Baluma has adequately addressed Local Rule 54-14 and the *Brunzell* factors through its motion, the declaration of Jerrell Berrios, and counsels' billing record. (ECF No. 53 at 17-32). The declaration itemizes the character of the work and the work actually performed, and the motion contains the results obtained from the work and descriptions of Local Rule 54-14's thirteen categories. (*Id.* at 3-8, 18-19).  Baluma also includes the attorneys' professional biographies, which supports their qualifications as described. (*Id.* at 34-44). The billing record contains the hourly rates of three attorneys and one paralegal that range between $295 and $525 per hour. (*Id.* at 22-32). Employing the lodestar approach, Baluma arrives at $45,136.13 by multiplying those rates by the hours worked on this specific matter. (*Id.* at 4, n. 1).

As a result, the Court finds the rates charged and amount of work performed to be reasonable based on the local legal market and circumstances of this case. As such, the Court

grants the motion for attorneys' fees and awards Baluma $45,136.13 in attorneys' fees.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Attorneys' Fees, (ECF No. 53) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Plaintiff and against Defendant in the amount of $45,136.13.

Dated: January 8, 2025

Kent J. Dawson
United States District Judge